UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| HERSY JONES, JR. | CIVIL ACTION NO. 15-2766 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LOUISIANA SUPREME COURT, LOUISIANA ATTORNEY DISCIPLINARY BOARD, ROBERT KENNEDY, AND CHARLES PLATTSMIER | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a "Motion for Recusal" (Record Document 24) filed by Plaintiff Hersy Jones, Jr. ("Jones"). Jones is seeking the recusal of this Court "because he cannot be impartial" and "due to his past affiliation with the Louisiana Supreme Court as a Bar Examiner, his current membership with the Louisiana Law Institute on which a member of the Louisiana Supreme Court also sits." Id. For the reasons which follow, the Motion for Recusal is **DENIED**.

Background

Jones filed a complaint against the Louisiana Supreme Court, the Louisiana Disciplinary Board ("LADB"), attorney board member Robert Kennedy, and Charles Plattsmier, Chief Disciplinary Counsel of the LADB. The complaint alleges that the Louisiana Supreme Court issued an order disbarring Jones on or about March 30, 2007. See id. at ¶ 2. It was determined that Jones had violated Rules of Professional Conduct 1.4, 1.5 and 1.16. See id. at ¶ 11. Jones argues that his disbarment eight years ago violates his First Amendment right to association and freedom of speech, and constitutes a taking of his property without due process. Further, Jones alleges that his disbarment was based in whole or in part on the nature of his law practice, "namely representing African American families whose sons had been killed by white police officers." Id. at ¶ 64.

Law and Analysis

It is well established that "any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. §455(a). In addition, "he shall also disqualify himself in the following circumstances: Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. §455(b)(1). It is noted that "each §455(a) case is extremely fact intensive and fact bound, and must be judged on its unique facts and circumstances more than by comparison to situations considered in prior jurisprudence." Valley v. Rapides Parish School Board, 992 F.Supp. 848 (W.D. LA. 1997), citing U.S. v. Jordan, 49 F. 3d 152, 156 (5th Cir. 1995). A "judge abuses his discretion in denying recusal where a reasonable man, cognizant of the relevant circumstances surrounding [the] judge's failure to recuse, would harbor legitimate doubts about that judge's impartiality." Garcia v. City of Laredo, Tex., 702 F. 3d 788, 794 (5th Cir. 2012),citing Andrade v. Chojnacki, 338 F.3d 448, 454 (5th Cir.2003) (internal quotation marks omitted).

Jones argues that based on the undersigned's involvement with the Committee on Bar Admissions as a Bar Examiner, and the fact that he sat for two years as the designated Western District of Louisiana representative on the Louisiana State Law Institute with a member of the Louisiana Supreme Court, he is therefore biased. The Committee on Bar Admissions and the LADB are different entities. The LADB is solely concerned with the disciplinary process for Louisiana attorneys. The Committee on Bar Admissions is primarily tasked with administering the Louisiana Bar Examination and reviewing applications of those seeking admission. With regards to service as an ex officio member of the Louisiana

State Law Institute (La. R.S. 24:204(A), *et seq.*), while the undersigned is still a member of one of the many committees that make up the Law Institute, there is no Louisiana Supreme Court Justice sitting on that committee at this time. Jones implies a connection between this Court and the Defendants in this case, when in fact no connection exists. Based on the nature of the claims asserted by Jones, there is no evidence that the undersigned has any bias towards Jones.

The Fifth Circuit held in Harris v. Board of Supervisors of Louisiana State University, et al., 409 Fed Appx. 725 (5th Cir. 2010), that the District Judge's affiliation with the Board of Trustees of LSU Law Center was not enough to require recusal when one of the parties was another component of the LSU system, the LSU Health Science Center in Shreveport. Like Jones, Harris provided no information with respect to the affiliation beyond identifying the affiliation. In this instance, Jones merely states that the undersigned is affiliated with the Committee on Bar Admissions and the Louisiana State Law Institute, neither of which are named parties in this suit.

Conclusion

Based on the foregoing analysis, the Motion for Recusal (Record Document 24) is **DENIED**. Jones has presented nothing to demonstrate that the undersigned has personal bias, prejudice, and/or a lack of impartiality.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana this 19th day of August, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE