**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| HERSY JONES, JR. | CIVIL DOCKET NO. 15-2766 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LOUISIANA STATE SUPREME COURT, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court are Plaintiff Hersy Jones, Jr.'s (1) Motion for Reconsideration (Record Document 57) of the Court's previous Memorandum Ruling dismissing the instant action for lack of subject matter jurisdiction; and (2) Motion for Leave to File an Amended Complaint (Record Document 59). Defendants the Louisiana Supreme Court, Charles B. Plattsmier, Jr. ("Plattsmier"), Robert Kennedy ("Kennedy")[1], and the Louisiana Attorney Disciplinary Board ("the Board") (collectively "Defendants") oppose both Motions. See Record Documents 60 and 61. For the reasons contained in the instant Memorandum Ruling, both of Jones' Motions are **DENIED**.

**I.    Jones' Motion for Reconsideration**

In the Court's previous Memorandum Ruling, the Court dismissed the instant action for lack of subject matter jurisdiction under the Rooker-Feldman doctrine. See Jones v. La. Supreme Court, 2017 U.S. Dist. LEXIS 46949 (W.D. La. 2017). As the Court explained in that Ruling:

> The Rooker-Feldman doctrine states that the United States Supreme Court's appellate jurisdiction under § 1257 "precludes a United States district court from exercising subject-matter jurisdiction in an action it would

---

[1] The Court notes for the purpose of clarity that Defendant Robert Kennedy is not the Robert Kennedy practicing law in Shreveport, Louisiana, but rather is an attorney in Baton Rouge, Louisiana, for the Louisiana Attorney Discipline Board.

> otherwise be empowered to adjudicate under" §§ 1331, 1332, and others. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005); see Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); see D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983). This doctrine "recognizes that 28 U.S.C. § 1331 [among others] is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to" the United States Supreme Court alone under § 1257(a). Id. at 292, quoting Verizon Md. Inc. v. PSC, 535 U.S. 635, 645 n.3 (2002). Thus, a federal district court does not have subject matter jurisdiction over a case that "call[s] upon the District Court to overturn an injurious state-court judgment," as the United States Supreme Court has exclusive jurisdiction over such a case. Id.

Id. at *8-9. The Court then set forth many of the allegations that Jones made in his Original Complaint and concluded that because they attempted to overturn a state bar disciplinary decision in a particular attorney's case, the allegations fell squarely within the Rooker-Feldman doctrine such that the Court did not have subject matter jurisdiction over the action. See id. at *8-10. Finally, the Court also concluded that even if it did have subject matter jurisdiction over Jones' claims, Plattsmier and Kennedy would be protected from liability in their individual capacities by absolute immunity. See id. at *13-17.

In his Motion for Reconsideration, Jones makes several arguments that the Court's decision under the Rooker-Feldman doctrine was incorrect. See Record Document 57. The three chief arguments he makes are:

(1) the Court's decision is "inconsistent with the letter and spirit" of the Supreme Court's statements regarding the limited application of the Rooker-Feldman doctrine in Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005);

(2) the Rooker-Feldman doctrine does not apply here because it "is only applicable to judgments issued pursuant to a state supreme court's adjudicative capacity, and during a judicial proceeding, not an attorney disciplinary matter;" and

(3) because the Original Complaint also "contains allegations which constitute a general challenge to the practice of the defendants," particularly allegations regarding the unequal treatment of African-

American lawyers as compared to white lawyers, the Rooker-Feldman doctrine does not bar at least those claims.

Id. at 1-11.

None of these arguments have merit. The Supreme Court did emphasize the limitations of the Rooker-Feldman doctrine in Exxon Mobil Corp., stating that it only applies in "limited circumstances." 544 U.S. at 291. However, the Supreme Court simply restated the doctrine itself and concluded that in did not apply in that case. See id. at 284. The holding of Exxon Mobil is that "the Rooker-Feldman doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. This statement of the doctrine contains no inconsistencies with the Court's previous Memorandum Ruling, as the instant action fits this description perfectly.

Jones' second argument, that the Rooker-Feldman doctrine does not apply to an attorney discipline matter because attorney discipline matters do not constitute judicial proceedings, is also simply wrong. See Record Document 57 at 1-11. "Every federal appeals court has held that the Rooker-Feldman doctrine precludes an attorney from challenging the result of his or her state disciplinary hearing in a lower federal court, including attacking the process leading to the decision." Kline v. Biles, 2016 U.S. Dist. LEXIS 158229 at *15 (D. Kan. 2016) (collecting cases), aff'd, Kline v. Biles, 861 F.3d 1177 (10th Cir. 2017). The Fifth Circuit has affirmed dismissal of cases similar to the instant action many times. See, e.g., Musslewhite v. The State Bar, 32 F.3d 942 (5th Cir. 1994); Riley v. La. State Bar Ass'n, 402 Fed. Appx. 856 (5th Cir. 2010). Thus, Jones' second argument is incorrect.

Jones' third argument, though based on a correct legal principle, is also unavailing. As the Court explained in its previous Memorandum Ruling, while federal district courts do have subject matter jurisdiction over general challenges to state bar rules, they do not have subject matter jurisdiction over challenges to state bar disciplinary decisions in particular attorneys' cases. See Jones, 2017 U.S. Dist. LEXIS 46949 at *10-13. However, artfully pleading general challenges to state bar rules while simultaneously seeking to overturn a decision in a particular attorney discipline matter does not take the case outside of the bounds of the Rooker-Feldman doctrine. See Musselwhite, 32 F.3d at 946 ("a general constitutional attack that is nonetheless 'inextricably intertwined' with a state court judgment of reprimand cannot be properly heard in federal court"). Jones attempts to engage in such artful pleading of federal constitutional claims to get around dismissal of his case, both in his Original Complaint and his proposed 51-page Amended Complaint. See Record Document 1 at ¶¶ 29-30; see Record Document 59-1 at ¶¶ 158-172. However, he does so while still requesting "that Defendants be enjoined from prohibiting him from practicing law." Record Document 1 at 16. Thus, Jones' general challenges to the state bar's disciplinary rules and his request for relief from the state court judgment disbarring him are "inextricably intertwined," and his suit "cannot be properly heard in federal court." Musselwhite, 32 F.3d at 946.

Finally, Jones argues that the Court's conclusion that Plattsmier and Kennedy are protected by absolute immunity is incorrect. He argues that they are not entitled to any form of immunity at all, either qualified or absolute. See Record Document 57 at 11-16. This argument, like Jones' arguments on the Rooker-Feldman doctrine, is also incorrect. Under the "functional approach" for determining whether a prosecutor is entitled to

absolute immunity from suit in his individual capacity, the key question is "the nature of the function performed [by the official], not the identity of the actor who performed it." Kalina v. Fletcher, 522 U.S. 118, 127 (1997). As the Court pointed out in its previous Memorandum Ruling, Louisiana federal courts have afforded prosecutors for the Board absolute immunity in the past. See Jones, 2017 U.S. Dist. LEXIS 46949 at *13-17, citing Forman v. Ours, 804 F. Supp. 864, 868 (E.D. La. 1992), aff'd, Forman v. Ours, 996 F.2d 306 (5th Cir. 1993).

In Forman, that holding was based on the conclusion that, under the functional approach, the role of a prosecutor for the Board is sufficiently similar to that of an ordinary criminal prosecutor to afford absolute immunity to the Board's prosecutors. See 804 F. Supp. at 868. The Court finds that Jones' allegations against Plattsmier and Kennedy, taken as true for the purposes of this Motion, are allegations regarding actions they took in their prosecutorial capacities. Because these allegations relate to conduct that is "intimately associated with the judicial phase" of a process that is analogous to a criminal prosecution, Plattsmier and Kennedy are protected from suit on these allegations by absolute immunity. Imbler v. Pachtman, 424 U.S. 409, 429-30 (1976). Thus, the Court rejects all of Jones' arguments in his Motion for Reconsideration, and the Motion is **DENIED**.

**II.    Jones' Motion for Leave to File an Amended Complaint**

Jones also seeks leave to file an Amended Complaint that, according to him, fixes any defects in his Original Complaint such that the Court will have subject matter jurisdiction over the instant action. See Record Document 59. Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings. "The Court should freely

give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). Ultimately, however, the decision to grant leave to amend a complaint a second or successive time is at the discretion of the district court, and is subject to reversal only upon a finding of abuse of discretion. See Carroll v. Fort James Corp., 470 F.3d 1171, 1174 (5th Cir. 2006). A court may deny a movant's request for leave to amend for, *inter alia*, "futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

The Court finds that permitting Jones to file his proposed Amended Complaint would be futile and would only unnecessarily prolong these proceedings. As explained in Section II, *supra*, Jones' proposed Amended Complaint does not fix the underlying problem in this suit: that the suit is an attempt to overturn Jones' 2007 disbarment by the Louisiana Supreme Court. The Court has reviewed the proposed Amended Complaint, and it finds that none of the allegations that it adds change the Court's conclusion that the Rooker-Feldman doctrine bars this Court's consideration of the instant action. Jones' Motion for Leave to File an Amended Complaint is therefore **DENIED**.

## CONCLUSION

Plaintiff Hersy Jones, Jr.'s (1) Motion for Reconsideration (Record Document 57) and (2) Motion for Leave to File an Amended Complaint (Record Document 59) are hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this the 28th day of August, 2017.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE